**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINDSEY SHAW,<br><br>       Plaintiff,<br><br>    v.<br><br>CITY OF PORTOLA, et al.,<br><br>       Defendants. | No.  2:25-CV-02461-DJC-DMC<br><br><br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil action. In their opposition, Defendant noted errors in Plaintiff's citations in said motion. See ECF No. 25. Plaintiff failed to cure all errors in their response. See ECF No. 26.

Plaintiff filed a "motion for clarification of representation or in the alternative limited disqualification of counsel as to Kennedy Solutions, Inc," raising concerns with Defendants City of Portola and Kennedy Solutions, Inc. (KSI) having the same attorney representing them. See ECF No. 23. In opposition, Defendants note "three cases cited in the motion are either entirely off-topic and/or incorrectly cited/do not exist . . ." Id. at 4. Plaintiff responded that any citation errors "can be corrected or supplemented" and do not undermine the substance of the instant motion. ECF No. 26 at 11. Plaintiff asserts that "[t]o the extent any cited authority was unpublished or inapposite, Plaintiff withdraws reliance and substitutes controlling Ninth Circuit authority that squarely governs the relevant principles." Id. Plaintiff

1

contends that she "has not cited fictitious cases, and there is no basis to infer bad faith from correctable citation defects." Id.

There are a number of misleading errors, including formatting[1] and pin-cite[2] errors in the citations, and citations to cases that did not support Plaintiff's assertions, including: In re County of Los Angeles (9th Cir. 2000) 223 F.3d 990,[3] People v. Dang, 93 Cal.App.4th 1293 (2001),[4] and Larson v. Domestic & Foreign Commerce Corp., (1949) 337 U.S. 682. [5]

More concerning is Plaintiff citing nonexistent cases. Plaintiff corrected the citation to State of Nevada v. US Dept. of Energy (9th Cir. 1998) 151 F.3d 1236, 1242 to be Nevada v. United States Dep't of Energy, 133 F.3d 1201, 1443 (9th Cir. 1998). See ECF No. 23, pg. 4; ECF No. 26, pg. 12. Plaintiff's correction after Defendant's response sufficiently cures any doubt of the existence of this case. See ECF No. 26, pg. 12. Next, Plaintiff incorrectly attributes a case to the Ninth Circuit, citing In re Grand Jury Subpoena (Under Seal) (9th Cir. 1985) 774 F.2d 624. See ECF No. 23, pg. 7. The court presumes this was an incorrect citation for the Fourth Circuit case, In re Grand Jury Subpoena (Under Seal), 774 F.2d 624 (4th Cir. 1985). This is

[1] These errors include incorrectly placing the year before the court reporter for twenty-four consecutive times, incorrectly using Id., leaving out an apostrophe citing "Dept" instead of "Dep't," and using an incorrect contraction of "JPIA" for Joint Powers Ins. Auth. ECF No. 23.

[2] People v. Dang, 93 Cal.App.4th 1293, 1305 (2001) is cited, but the case ends on page 1300. See People v. Dang, 93 Cal.App.4th 1293 (2001). Plaintiff cites Community Memorial Hosp. v. County of Ventura (1996) 50 Cal.App.4th 199, 209, to assert that "[p]ublic funds may not be expended for the private advantage of any person or corporation." ECF No. 23, pg. 3. Pages 207 and 208 support this, not page 209. Cmty. Mem'l Hosp., 50 Cal. App. 4th at 207-09.

[3] Plaintiff asserts that "[f]ederal courts possess inherent authority to supervise attorneys and disqualify counsel to preserve the integrity of proceedings and public confidence," citing In re County of Los Angeles, ECF No. 23 pg. 5, but the case does not have an explicit passage—on page 993 or otherwise—of how federal courts possess such inherent authority.

[4] Plaintiff contends that the identity "of who authorized and funds KDI's defense . . . is not privileged when necessary to determine the legality of the representation," citing Dang in support, ECF No. 23, pg. 7, but Dang's discussion on privilege affirms that privilege does not apply if disclosing the information "is necessary to prevent the client from committing a criminal act that the lawyer believes is likely to result in death or substantial bodily harm," which is irrelevant here. Dang, 93 Cal.App.4th at 1296 (quoting Cal Evid Code § 956.5).

[5] Plaintiff argues assert that that "[f]ederal courts enforce [public spending] limits by voiding or enjoining ultra vires actions that exceed statutory authority or result in unauthorized public disbursements," citing Larson, ECF No. 23, pg. 4, but Larson merely mentions the term ultra vires and does not address voiding or enjoining the spending of public funds.

2

notable because the Ninth Circuit is mandatory authority in this jurisdiction whereas the Fourth Circuit is not. Defendants' opposition did not identify this citation, and Plaintiff did not correct this citation. See ECF Nos. 24 and 26.

Finally, and most troubling, Plaintiff cites Boyd v. City of San Diego, 14 Cal.App.4th 954, 959-960 (1993) five separate times. See ECF No. 23 pgs. 4, 5, 7, 8, and 10. The Court not found any such case and therefore finds Plaintiff has cited a nonexistent case.[6] Plaintiff fails to address Boyd in her reply despite Defendants directing Plaintiff's attention to the error, ECF No. 24, pg. 4. Plaintiff instead asserts that "Plaintiff has not cited fictitious cases and there is no basis to infer bad faith from correctable citation defects." ECF No. 26, pg. 12.

The Court agrees that any correctable citation defects do not necessarily indicate bad faith nor warrant sanctions, as previously addressed herein. However, Plaintiff declined to address the fictitious citation to Boyd despite Defendants raising the issue. Plaintiff had the opportunity to make the necessary corrections to her Boyd citation or take accountability for citing a nonexistent case, but instead claimed she "has not cited fictitious cases." Thus, the undersigned finds that, not only did Plaintiff cite a "fictitious," or nonexistent case, but Plaintiff also made a false representation to the Court by claiming that she did not cite any fictitious cases.

Accordingly, Plaintiff is directed to show cause in writing within 14 days of this order why sanctions should not be imposed for citing a nonexistent case in ECF No. 23.

IT IS SO ORDERED.

Dated: April 14, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[6] The Court found no cases titled Boyd v. City of San Diego. The citation, absent the name, is to People v. Foster, 14 Cal. App. 4th 939, 957 (1993), which is wholly unrelated as it affirms the denial of a petition for writ of habeas corpus. The court additionally found three Minute Orders with the title of Boyd v. County of San Diego, but they do not address any relevant discussion on Joint Powers Authority, for which Plaintiff commonly cited Boyd. Rather, they find a violation of a protective order and set times for oral arguments. See Boyd v. Cnty. of San Diego, 2024 Cal. Super. LEXIS 16919; Boyd v. Cnty of San Diego, 2023 Cal. Super. LEXIS 66342; Boyd v. Cnty. of San Diego, 2023 Cal. Super. LEXIS 98348.

3