IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSEY SHAW, | No. 2:25-CV-02461-DJC-DMC |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| CITY OF PORTOLA, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's "motion for clarification of representation or in the alternative limited disqualification of counsel as to Kennedy Solutions, Inc." ECF No. 23. Defendants filed an opposition, ECF No. 24, and Plaintiff filed a reply, ECF No. 26. Also before the Court is Plaintiff's request for a ruling regarding her motion. ECF No. 33.

**I. BACKGROUND**

Plaintiff raises concerns with Defendants City of Portola and Kennedy Solutions, Inc. (KSI) having the same attorney representing them. See ECF No. 23-1. Plaintiff asserts that "KSI is neither a city contractor nor a covered party under any public-entity defense program." Id. at 3. In support, Plaintiff references a December 2024 response to public records request where Plaintiff was informed "there are no records responsive to [a request for] all CivAssist contracts,"

1

City Council minutes which "reflect no reportable action authorizing joint representation or public payment for KSI's defense," and that "SCORE, the City's JPA risk pool . . . lists AKK as panel counsel. No SCORE agenda, minutes, or coverage documents authorize defense of KSI . . ." Id. at 2.

As such, Plaintiff argues that Defendants sharing representation is a conflict of interest that causes prejudice to Plaintiff because she does not have access to publicly funded representation herself and shared counsel enables joint privilege claims. Id. at 6. Plaintiff also asserts that "protection of public trust and voidance of divided loyalty" is "sufficient for disqualification." Id. at 7 (citing People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc., 20 Cal. 4th 1135 (1999). Pursuant to this claim, Plaintiff requests "the identification of who authorized and funds KSI's defense, which bears on the legality of joint representation and public fund use." Id.

Plaintiff further argues that "[t]he city and KSI advance mutually exclusive defenses that make joint representation untenable." Id. at 9. Plaintiff asserts that there exist "divided loyalties" which are "non-waivable and require disqualification because "every factual determination without authorization and data use forces counsel to favor one client over the other." Id. (citing Klemm v. Superior Court, 75 Cal. App. 3d 893 (1977); Flatt v. Superior Court, 9 Cal. 4th 275 (1994)).

Plaintiff requests: (1) clarification on whether "public or pooled JPA funds have been used to finance or coordinate the defense of KSI, Inc.;" (2) if such funds are being used, Plaintiff requests that KSI be directed to find alternative counsel; (3) in the alternative, if such funds are being used, disqualify counsel from representing KSI; (4) "ancillary orders necessary to ensure compliance, including in camera review of engagement letters, funding authorizations, or coverage materials if privilege is asserted; and (5) any "other relief as the Court deems just and proper." Id. at 10-11.

///

///

///

2

Defendants filed a timely opposition asserting that Plaintiff is "plainly attempting to obtain information by judicial order instead of using the discovery process." ECF No. 24, pg. 2. Defendants also argue that Plaintiff lacks standing to bring such motion and the motion is "based purely on a hypothetical conflict of interest, various assertions of prejudice, and the belief that public funds' are being misused." Id.

In reply, Plaintiff asserts that the pending motion is not related to discovery but rather, "only threshold clarification of the narrow issues concerning authority, funding, and propriety of counsel's representation of KSI." ECF No. 26, pg. 2. Plaintiff also contends that the motion is not based on hypothetical conflicts as Defendants characterize them but rather, "present, structural conflicts inherent in joint representation" and outlines possible scenarios where there could be a conflict of interest between the two parties. Id. at 9.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide that: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." USCS Fed Rules Civ Proc R 26(d)(1). Plaintiff cites no precedent allowing Plaintiff to seek information otherwise. See ECF No. 23; ECF No. 26. There is no basis for Plaintiff to access information about the funding of Defendants' representation at this juncture.

With disqualifying opposing counsel, "[t]he right to disqualify counsel is within the discretion of the trial court as an exercise of its inherent powers." Visa U.S.A., Inc. v. First Data Corp., 241 F. Supp. 2d 1100, 1103 (N.D. Cal. 2003). To submit a valid motion, Plaintiff must have standing from "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Colyer v. Smith, 50 F. Supp. 2d 966, 967 (C.D. Cal. 1999). Vague reasoning, such as to "maintain public confidence in the integrity of the bar" is too "broad" and "insufficiently concrete and particularized to support a finding of standing." Id. at 973.

Plaintiff argues that "continued representation may cause the public to suspect the judicial process is tainted" ECF No. 23, pg. 6. After Defendant challenged Plaintiff's standing, Plaintiff insisted her concerns are "concrete, structural" and "not abstract" but describes the same concerns with uncertainties like "may include," "may distort," and "may diverge." ECF No. 26, pg. 7, 9. The undersigned finds that Plaintiff fails to establish standing to raise this issue because these allegations do not show that Plaintiff suffers a concrete, particularized injury. Spokeo, Inc. v. Robins, 578 U.S. 330, 334 (2016).

Even with standing, the motion would still be insufficient because there is no direct adversity. Plaintiff argues that the Defendant City and Defendant KSI have materially adverse, non-waivable conflicts in violation of Rule 1.7(a). ECF No. 23, pg. 7. This rule provides that "[a] lawyer shall not . . . represent a client if the representation is directly adverse to another client in the same or a separate matter." Cal. Rules of Prof'l Conduct, Rule 1.7(a).[1] Importantly, "a mere hypothetical conflict is insufficient." Havasu Lakeshore Invs., LLC v. Fleming, 217 Cal. App. 4th 770, 779 (2013). Instead, there must be "a reasonable likelihood an actual conflict will arise." Id.

Plaintiff's reasoning focuses on future litigation, identifying three hypothetical theories Defendants *could* advance, and provide no reasonable likelihood of conflict. ECF No. 26, pg. 9-10. Plaintiff's two supporting cases are irrelevant from this dispute. In Trone v. Smith, the problematic counsel previously represented an adverse party in a substantively similar action; in Cty. of L.A. v. United States Dist. Court, a judicial officer served as an adjudicator and returned to practice. See 621 F.2d 994, 999 (9th Cir. 1980); 223 F.3d 990, 993 (9th Cir. 2000). Plaintiff does not allege such facts here. See ECF No. 23; ECF No. 26.

In contrast to Plaintiff's arguments, this Court has found several examples of cities and private entities—including a city's clients—being represented by the same counsel without concern of direct adversity. See Linnton Cmty. Ctr. v. Babcock Land Co. LLC, 2025 Ore. Cir. LEXIS 3662; 2025 LX 155280; Sanders v. City of Winnfield, 321 So. 3d 1072 (La.

---

[1] The Eastern District of California has adopted the California Rules of Professional conduct. E.D. Cal. R. 1-180(e).

Ct. App. 2021); Gilchrist v. Judlau Contracting, Inc., 2017 NY Slip Op 31862(U) (Sup. Ct.); Camacho v. Amboy Bus Co., Inc., 2015 NY Slip Op 30192(U) (Sup. Ct.).

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1.     Plaintiff's request for ruling, ECF No. 33, is granted insofar as the Court herein rules on Plaintiff's motion at ECF No. 23.

2.     Plaintiff's motion for clarification of representation or in the alternative limited disqualification of counsel as to Kennedy Solutions, Inc., ECF No. 23, is DENIED.

Dated:  April 14, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE