**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINDSEY SHAW,<br>Plaintiff,<br>v.<br>CITY OF PORTOLA, et al.,<br>Defendants. | No. 2:25-CV-2461-DJC-DMC<br><br>ORDER<br>and<br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Defendants' motion to dismiss Plaintiff's first amended complaint. See ECF No. 36. Plaintiff has filed an opposition. See ECF No. 38. Defendants have filed a reply. See ECF No. 40. Defendants have filed a notice of inaccurate citations contained in Plaintiff's opposition. See ECF No. 41. Also before the Court is Plaintiff's response to the Court's April 15, 2026, order to show cause why sanctions should not be imposed for previous instances of inaccurate citations. See ECF No. 42.

/ / /

/ / /

/ / /

/ / /

/ / /

# I. BACKGROUND

## A. Procedural History

Plaintiff initiated this action with a pro se complaint filed on August 27, 2025. See ECF No. 1. Defendants responded by way of a motion to dismiss filed on October 1, 2025. See ECF No. 5. On November 20, 2025, the Court issued findings and recommendations that Defendants' motion to dismiss be granted and that Plaintiff be provided an opportunity to file a first amended complaint. See ECF No. 20. The District Judge adopted the findings and recommendations in full on January 12, 2026. See ECF No. 28. Plaintiff timely filed her first amended complaint on February 9, 2026. See ECF No. 29. Defendants filed the pending second motion to dismiss on March 25, 2026. See ECF No. 36.

## B. Order to Show Cause

On November 24, 2025, Plaintiff filed a motion for clarification or disqualification of defense counsel. See ECF No. 23. In their opposition to this motion, Defendants noted that Plaintiff's motion cited cases which were either off-topic or did not exist. See ECF No. 24. In her reply, Plaintiff asserted that she did not cite any fictitious cases. See ECF No. 26. The Court found otherwise and determined that Plaintiff not only cited a fictitious case but also made a false representation to the Court in denying that she had cited fictitious cases. See ECF No. 37. As a result, Plaintiff was ordered to show cause why sanctions should not be imposed. See id.

Plaintiff filed her response to the order to show cause on April 27, 2026. See ECF No. 42. In this response, Plaintiff acknowledges that she in fact cited to a non-existent case and "takes full responsibility" for both the citation error as well as previously representing to the Court that she had not cited to any fictitious cases. Id. at 1-2. As to citation to a non-existent case – Boyd v. City of San Diego – Plaintiff states that, at the time she filed her motion for clarification, she did not have access to a legal research database. See id. at 2. Plaintiff then states that her search returned a result listing the Boyd case. See id. Oddly, though Plaintiff states that she did not have access to a legal research database, she also states that she did some kind of "search," but does not specify how that search was accomplished. In any

event, Plaintiff admits that she failed to verify the accuracy of the Boyd case before citing it in her motion. See id. In her April 27, 2026, filing, Plaintiff adds: "Since receiving this Court's order [to show cause], Plaintiff has adopted a practice of verifying every citation against an authoritative legal source before filing any document with this Court." Id.

As to Plaintiff's false representation to the Court in her reply brief, Plaintiff states that when she initially drafted her reply, her research appeared to confirm the accuracy of the citation to Boyd. See id. Thus, her draft included language denying that she had cited a fictitious case. See id. According to Plaintiff, later in the drafting process she attempted to verify specific language from the Boyd case and discovered that she could not do so. See id. Plaintiff claims that her false assertion that she did not cite a fictitious case was a "drafting remnant from the earlier version of the response, before Plaintiff had completed her revision." Id. at 3.

**C. First Amended Complaint**

Plaintiff names the following as defendants: (1) City of Portola; (2) Steve Gross, the City Attorney for the City of Portola; (3) Jon Kennedy, owner of Kennedy Solutions, Inc., doing business as CivAssist; (4) Jim Murphy, member of the Portola City Council and mayor pro tempore; (5) Susan Scarlett, Interim City Manager for the City of Portola between April 1, 2024, and November 12, 2024; (6) Ryan Bonk, City Manager for the City of Portola since November 13, 2024; (7) Kennedy Solutions, Inc. See ECF No. 29, pgs. 6-7.

Plaintiff alleges that, in July 2022, Defendant Jon Kennedy, while serving as Interim City Manager for the City of Portola, implemented an online public records request portal operated by his private company, Kennedy Solutions, Inc. See id. at 7. Plaintiff states that this system was put in place without approval of the City Council. See id. According to Plaintiff, the CivAssist portal tracks users' unique IP addresses and thereby users' identities. See id. at 8. Plaintiff also claims that the CivAssist portal provided no privacy policy disclosure. See id.

/ / /

/ / /

On July 11, 2024, Plaintiff submitted two public records requests through CivAssist, using different pseudonymous accounts. See id. at 10. Plaintiff states that, despite using anonymous accounts, the City of Portola was able to determine that the requests came from Plaintiff, which Plaintiff asserts could only have been determined by correlation of her requests to the IP address logged by CivAssist. See id. Plaintiff claims she was seeking communications between elected officials and city staff about city business. See id. The City of Portola responded to Plaintiff's requests with assertions of attorney-client privilege. See id.

On July 13, 2024, Plaintiff visited City Hall and entered the office of the City Clerk during regular business hours. See id. While in the City Clerk's office, Plaintiff was present when city employee Todd Roberts placed a speakerphone call to Defendant Gross. See id. Plaintiff recorded the conversation. See id. According to Plaintiff, Gross told her that she had no right to be in the City Clerk's office without an appointment and ordered her to leave. See id. at 11. Gross also allegedly told Plaintiff that recording the phone call was a crime. See id. Plaintiff claims that Gross demanded that Plaintiff delete the recording and leave. See id. After Plaintiff continued recording, she was escorted out of the building. See id.

Plaintiff next alleges that, on August 1, 2024, Plaintiff's email address (scrinch@gmail.com) was posted on the CivAssist website in response to a public information request from a user called "Curious George" seeking the email address of "the clearly drunk texting records requestor 'Scrinch.'" Id. at 13.

Next, Plaintiff alleges that the Portola City Council held a meeting on August 14, 2024, at which an official city policy was established which was hostile to anonymous civic participation. See id. Part of this policy allowed the City Council to receive monthly reports on public records requests. See id. at 14. Plaintiff then details various instances in which she claims her identity was revealed by city officials by way of tracing her IP address through CivAssist. See id. at 14-32.

/ / /

/ / /

/ / /

Plaintiff asserts the following seven federal claims:

| | |
|---|---|
| First Claim | 42 U.S.C. § 1983 –Right to Anonymous Civic Participation. |
| Second Claim | 42 U.S.C. § 1983 – Retaliation. |
| Third Claim | 42 U.S.C. § 1983 – Warrantless Digital Surveillance. |
| Fourth Claim | 42 U.S.C. § 1983 – Municipal Liability. |
| Fifth Claim | 42 U.S.C. § 1983 – Equal Protection. |
| Sixth Claim | 42 U.S.C. §§ 1983 and 1985 – Conspiracy. |
| Seventh Claim | 42 U.S.C. § 1983 – Right to Record Public Officials. |

ECF No. 29, pgs. 37-51.

Plaintiff also asserts three state law claims. See id. at 51-53.

## II. DISCUSSION

### A. Defendants' Motion to Dismiss

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order

to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the Court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

In their motion to dismiss, Defendant argue as follows with respect to Plaintiff's federal claims: (1) Plaintiff's first claim fails because there is no constitutional right to access city records, no constitutional right to request city records, and no constitutional right to do so anonymously; (2) Plaintiff's second claim fails because Plaintiff does not allege any adverse action or a connection between her protected activity and an adverse action; (3) Plaintiff's third

claim fails because Plaintiff does not have a reasonable expectation of privacy in her IP address when using the Internet; (4) Plaintiff's fourth claim for municipal liability fails because Plaintiff cannot establish an underlying constitutional violation; (5) Plaintiff's fifth claim fails because Plaintiff has not alleged that she is a member of a protected class; (6) Plaintiff's sixth claim fails because Plaintiff has not alleged facts showing any meeting of the minds and because Plaintiff cannot establish an underlying constitutional violation; and (7) Plaintiff's seventh claim fails because Plaintiff does not allege she was in a public place, that she was recording a matter of public interest, or that she was deprived of any right to record. See ECF No. 36-1. Defendants ask that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. See id.

1. First Claim – Right To Anonymous Civic Participation

Plaintiff's first federal claim is premised on the notion that Plaintiff has a constitutional right to anonymously request city records. The Court agrees with Defendants that no such right exists. First, there is no constitutional right to access city records or to receive a response from the city to a request for city records. See Houchins v. KQED, Inc., 438 U.S. 1, 15 (1978); see also Smith v. Arkansas State Highway Emp., Local 1315, 441 U.S. 463, 465 (1979). Second, there is no constitutional right to request city records. See Brennan v. Aston, 2019 U.S. Dist. LEXIS 180075, at *15-16 (W. Dist. Wash. 2019). Given that there is no constitutional right to request or receive city records, there is likewise no constitutional right to do so anonymously.

2. Second Claim – Retaliation

Plaintiff's second federal claim is premised on the notion that Defendants violated the First Amendment and retaliated against Plaintiff after she sought to anonymously participate in civic activities. More specifically, Plaintiff contends that City of Portola officials threatened some sort of criminal consequence to recording in government offices. In this regard, Plaintiff alleges that city officials told her that recording was illegal.

/ / /

/ / /

To state a claim for First Amendment retaliation against a government official, a plaintiff must demonstrate that "(1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action." Blair v. Bethel Sch. Dist., 608 F.3d 540, 543 (9th Cir. 2010).

Citing Dudley v. Robbinson, 2009 U.S. Dist. LEXIS 133569 at *8 (D. Ariz. Oct. 19, 2009), Defendants assert that Plaintiff has not alleged a sufficient adverse action to establish a retaliation claim. See ECF No. 36-1, pg. 16. Specifically, Defendants contend the conduct about which Plaintiff complains is too trivial and that "simply ordering someone to stop filming is not sufficient to chill speech." See id. (quoting Green v. Bd. of Regents of the Univ. of Cal., 2021 U.S. Dist. LEXIS 252311 at *10 (C.D. Cal. Oct. 22, 2021)).

This argument is not persuasive. As Defendants note, the Ninth Circuit has held that threats of arrest are sufficient to "chill a person of ordinary firmness" from speech. See e.g., Ford v. City of Yakima, 706 F.3d 1188, 1193 (9th Cir. 2013), abrogated on other grounds by Nieves v. Bartlett, 139 S. Ct. 1715, 1727-28, 204 L. Ed. 2d 1 (2019) (holding that threatening arrest deters speech). Plaintiff's allegation in this case that she was told recording was illegal is more akin to a threat of arrest than merely ordering Plaintiff to stop recording. The first amended complaint, however, remains unclear as to whether Plaintiff was actually chilled from recording because she continued to record despite the warning. Defendants' motion to dismiss should be granted with further leave to amend as to Plaintiff's retaliation claim to the extent such claim is based on Plaintiff's allegation that she was told that recording in city offices was illegal.

3. Third Claim – Warrantless Digital Surveillance

Plaintiff's third federal claim is premised on the notion that Defendants violated the Fourth Amendment by maintaining CivAssist, which Plaintiff asserts was used to identify her by way of her IP address. The Court agrees with Defendants that this claim fails as a matter of law because Plaintiff does not have a reasonable expectation of privacy when using the

Internet. See United States v. Acevedo-Lemus, 2016 U.S. Dist. LEXIS 105195, at *11-12 (C.D. Cal. 2016) (applying Katz v. United States, 389 U.S. 347, 351 (1967)).

4. Fifth Claim – Equal Protection

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendant[] acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citation omitted). The Supreme Court recognizes that a class-of-one theory applies in limited circumstances and cannot be applied where, as with requests for public records, the governmental action involves discretionary determinations. See Engquist v. Or. Dep't of Agric., 553 U.S. 591, 602-4; Lambert v. Weller, 2021 U.S. Dist. LEXIS 71530 at *8-10 (W.D. Wash. Mar. 16, 2021).

Plaintiff's first amended complaint fails to allege facts to support an Equal Protection claim. First, she does not allege that she is a member of any protected class. Second, to the extent Plaintiff is pursuing a class-of-one theory, her allegations also fail because she specifically contends that her claim arises in the context of her public records requests, specifically her anonymous requests. Defendants' motion to dismiss should be granted as to Plaintiff's Equal Protection claim, which should be dismissed with prejudice.

5. Seventh Claim – Right to Record Public Officials

Plaintiff's seventh federal claim is premised on the notion that she has a constitutional right to record public officials. There is no constitutional right to enter nonpublic government facilities. See Houchins, 438 U.S. at 9. The Ninth Circuit has held that the First Amendment protects the right to photograph and record matters of public interest in public places. See Askins v. United States Dep't of Homeland Sec., 899 F.3d 1035, 1044 (9th Cir. 2018). Restrictions on speech in a nonpublic forum must only be "reasonable in light of the purpose served by the forum and viewpoint neutral." Id.

/ / /

Defendants argue that Plaintiff's allegations in the first amended complaint are too vague as to, first, whether Plaintiff was in a public or non-public space and, second, if she was in a public space, whether she was recording a matter of public interest. See ECF No. 36-1, pgs. 19-20. Defendants also argue that, assuming Plaintiff was recording a matter of public interest in a public space, the allegations are unclear as to whether she was blocked from recording. See id. at 20. These arguments are persuasive. Plaintiff alleges that she was in the city clerk's office when she recorded a phone conversation between Roberts and Gross. Plaintiff states that she was told she had no right to be in the clerk's office without an appointment. This suggests that she was not in a public part of the clerk's office, but it may be that she was. Further, Plaintiff does not elaborate on the nature of the phone call between Roberts and Gross such that it can be said that the conversation concerned a matter of public importance. Finally, as with the original complaint, the first amended complaint is unclear as to whether she was actually prevented from recording.

Plaintiff's first amended complaint suffers from the same defects identified in the Court's prior ruling as to the original complaint. Plaintiff has, thus, failed to address the Court's concerns or allege facts sufficient to state a claim. Plaintiff's seventh federal claim should be dismissed without further leave to amend and with prejudice.

6. Plaintiff's Remaining Federal Claims

Plaintiff's remaining federal claims allege municipal liability and conspiracy. Defendants argue that both claims fail because Plaintiff has not alleged a viable underlying theory of liability. See ECF No, 36-1. As discussed above, all of Plaintiff's federal claims fail except, perhaps, her First Amendment retaliation claim. Whether Plaintiff can state a viable federal retaliation claim will depend on her allegations on further amendment. the Court should defer consideration of the remaining federal claims pending Plaintiff's ability to state a viable underlying retaliation claim.

/ / /

/ / /

/ / /

**B. Order to Show Cause**

As explained above, Plaintiff was directed to show cause why sanctions should not be imposed for citing nonexistent cases. Plaintiff's response, filed on April 27, 2026, provides an adequate response which the undersigned is prepared to accept. Specifically, Plaintiff indicates that, since receiving the Court's April 15, 2026, order to show cause, she has changed her research practices to avoid any problem with citations. See ECF No. 42.

The Court notes that Defendants have informed the Court of additional inaccurate citations contained within Plaintiff's opposition to the pending motion to dismiss. See ECF No. 41. The opposition brief was filed on April 10, 2026 – before the Court's order to show cause was issued on April 15, 2026. The Court will provide Plaintiff with the benefit of the doubt and presume that, because the opposition brief was filed before the Court's order to show cause issued, that she will address the problem in any future filings consistent with the explanation provided in her response to the order to show cause. Plaintiff is cautioned, however, that future instances of problematic citations will not be viewed favorably, particularly given the warning Plaintiff has received from the Court and Plaintiff's representations following issuance of the order to show cause. For now, the Court will discharge the April 15, ,2026, order to show cause.

## III. CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that the order to show cause issued on April 15, 2026, ECF No. 37, is discharged.

2. It is RECOMMENDED that Defendants' motion to dismiss, ECF No. 36, be granted in part and denied in part as follows:

a. Defendants' motion to dismiss be granted as to Plaintiff's first claim for anonymous civic participation and that such claim be dismissed with prejudice.

b. Defendants' motion to dismiss be granted as to Plaintiff's second claim for retaliation and that such claim be dismissed with leave to amend.

c. Defendants' motion to dismiss be granted as to Plaintiff's third claim for warrantless digital surveillance and that such claim be dismissed with prejudice.

d. Defendants' motion to dismiss be granted as to Plaintiff's fifth claim for denial of equal protection and that such claim be dismissed with prejudice.

e. Defendants' motion to dismiss be granted as to Plaintiff's seventh claim for violation of a right to record public meetings and that such claim be dismissed with prejudice.

f. Defendants' motion to dismiss be denied as to Plaintiff's remaining federal claims alleging municipal liability and conspiracy, which hinge on the existence of an underlying constitutional tort, such denial to be without prejudice to renewal upon the filing of a further amended complaint as to Plaintiff's retaliation claim.

g. Defendants' motion to dismiss be granted insofar as the Court finds that consideration of Plaintiff's state law claims should be deferred until such time as Plaintiff is able to state a cognizable federal claim for retaliation.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 20, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE